■ KAREN CORSETTI et al., Respondents, v KOPPERS COMPANY, INC., et al., Appellants, et al., Defendants. BROWNE AND BRYAN LUMBER CO., INC., Third-Party Plaintiff-Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Third-Party Defendants. [602 NYS2d 112] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered January 16, 1992, to the extent that it denied the cross motion by defendant and third-party plaintiff Browne and Bryan Lumber Co., Inc. ("Browne and Bryan") for summary judgment dismissing the complaint against said defendant and granted plaintiffs' cross motion for sanctions for dilatory discovery practices, unanimously modified, on the law and the facts, to strike the monetary sanction imposed upon defendant Browne and Bryan, and otherwise affirmed, without costs.

Under the circumstances presented herein, in which incremental harm to the deceased was occasioned by exposure to creosote-treated railroad ties provided by a number of manufacturers, plaintiffs' failure to identify one particular manufacturer out of several as the one whose product caused the

injury does not warrant dismissal. Here, plaintiffs have demonstrated some evidence of sales of such railroad ties by defendant Browne and Bryan, and discovery with respect to such activity has not yet been completed.

The monetary sanction imposed upon defendant Browne and Bryan was unwarranted in the absence of a demonstration that its brief delay in responding to interrogatories was willful. The conditional order of preclusion requiring compliance within 30 days was sufficient relief.

We note that settlements with all other parties defendant during the pendency of this consolidated appeal have resulted in withdrawal of their portions of the appeal and related motion. Concur—Sullivan, J. P., Carro, Wallach, Asch and Rubin, JJ.